

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | § | |
|---|---|---|
| DERRICK ANTHONY WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:16-cv-00098-O-BP |
| | § | |
| TRINITY OIL AND GAS CO., | § | |
| | § | |
| Defendant. | § | |
| | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on August 9, 2016. ECF No. 5. Before the Court are Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (ECF No. 21) and Brief in Support (ECF No. 22), both filed on November 23, 2016; Plaintiff's Motion in Opposition to the Defendant's Motion to Dismiss (ECF No. 24), filed on November 28, 2016; Plaintiff's Supplemental Motion in Opposition to the Defendant's Motion to Dismiss (ECF No. 25), filed on December 1, 2016; and Plaintiff's Motion for Jury Trial Setting (ECF No. 26), filed on December 1, 2016. A motion to dismiss is an enumerated dispositive motion to which the undersigned may only make a recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(A).

After considering the pleadings and applicable legal authorities, the Court RECOMMENDS that Judge O'Connor GRANT in part and DENY in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (ECF No. 21), thereby DISMISSING Plaintiff's claims brought under federal law with prejudice, DISMISSING

Plaintiff's claims brought under state law without prejudice, and DISMISSING Plaintiff's Motion for Jury Trial Setting as Moot.

**I.      BACKGROUND**

Plaintiff Derrick Anthony Walker, a resident of Texas, originally filed suit against Trinity Oil and Gas Co. on August 3, 2016, alleging federal question jurisdiction for claims arising from the Fourth and Fifth Amendments of the United States Constitution. ECF No. 1 at 3. In his Complaint, Plaintiff claimed that he was the rightful heir to his mother's estate and had not received an accounting of the money that Trinity Oil and Gas Co. allegedly placed in a suspense account. *Id.* The Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. 4. Thereafter, the Court ordered Plaintiff to replead and show in an amended complaint why the Court had subject matter jurisdiction. ECF No. 6. Plaintiff did so by filing his First Amended Complaint (ECF No. 7). Plaintiff filed his Second Amended Complaint (ECF No. 12) on October 3, 2016, in which he contends that Defendant is discriminating against him concerning his property rights, is intentionally operating without his authority, is withholding funds that rightfully belong to him, and is engaging in deceptive practices. ECF No. 12 at 3. Plaintiff alleges jurisdiction on both federal question and diversity grounds and alleges a variety of state and federal law violations. ECF No. 12. Plaintiff ultimately seeks compensatory damages of $50,000,000, punitive damages of $100,000,000, an injunction to prevent Trinity from continuing to operate on the property at issue, and declaratory relief. *Id.* at 3-4.

After filing his Second Amended Complaint, Plaintiff filed a Motion to Nunc Pro Tunc on October 3, 2016 requesting to change the named Defendant to Trinity River Energy ("Trinity"). ECF No. 13. To clarify Plaintiff's Second Amended Complaint and the intended Defendant, the

Court Ordered Plaintiff to complete a questionnaire. ECF No. 15. Plaintiff filed his completed questionnaire on October 24, 2016. ECF No. 16.

## II.   LEGAL STANDARD AND ANALYSIS

Rule 12 (b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion requests the court to dismiss claims when the complaint fails to assert facts that give rise to the legal liability of the defendant. *Id.* The Federal Rules of Civil Procedure require that each claim include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Importantly, each claim must include factual allegations sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The court in *Ashcroft v. Iqbal* established a two-step approach for assessing the sufficiency of a complaint being scrutinized under a Rule 12(b)(6) motion. 556 U.S. 662 (2009). First, the Court identifies any conclusory allegations and disregards them, for they are "not entitled to the assumption of truth." *Id.* at 664. "Second, the Court 'consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief.'" *Id.* "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility". *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Particular to a *pro se* plaintiff's complaint, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). In addition to accepting the well-pleaded facts in the plaintiff's complaint as true, the court must also view the pleaded facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190,

196 (5th Cir. 1996). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Steele v. Grubbs*, No. 3:16-CV-1117-M-BK, 2016 WL 3029935, at *1 (N.D. Tex. May 3, 2016), *report and recommendation adopted*, No. 3:16-CV-1117-M-BK, 2016 WL 3030174 (N.D. Tex. May 25, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the plaintiff's] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). Notably, when ruling on a motion to dismiss a *pro se* complaint, the court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979)). "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

    *i.*    *Claimed Violations of P.L. 97-451, P.L. 104-185, and 30 U.S.C. §§ 1701, 1702, and 1732*

In his Second Amended Complaint, Plaintiff alleges a violation of Public Law 97-451, the Federal Oil and Gas Royalty Management Act of 1982, which was codified at 30 U.S.C. § 1701 *et seq.*, and later amended by Public Law 104-185, the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996. ECF No. 12. Plaintiff's Second Amended Complaint also alleges a violation of 30 U.S.C. § 1732, which authorizes any state or Indian tribe to enter cooperative

4

agreements with the Secretary of Interior. As argued in Defendant's Motion, these statutes apply exclusively to oil and gas leases on federal lands, Indian lands, and the Outer Continental Shelf. 30 U.S.C. § 1701; ECF No. 22 at 7. In attempting to invoke these statutes, Plaintiff merely describes the property in his Second Amended Complaint as consisting of "106.17 acres of Timberland Tract in Quitman[,] Louisiana." ECF No. 12 at 2. Defendant argues, and the Court agrees, that the Second Amended Complaint fails to provide any factual support to show that the property in question is either federal land, Indian land, or part of the Outer Continental Shelf. Because Plaintiff's Second Amended Complaint fails to set forth facts giving rise to a claim under both 30 U.S.C. §§ 1701 and 1732, the undersigned recommends that these claims be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

    *ii.*    *Claimed Violations of 42 U.S.C. §§ 1981, 1982(2), and 1986*

Similarly, Plaintiff's claims under Title 42 U.S.C. for civil rights violations fail as a matter of law. "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (quoting *Green v. State Bar*, 27 F.3d 1083, 1086 (5th Cir. 1994)). In his Second Amended Complaint, Plaintiff states he is "of African ancestry" and is being deprived of property "without due process and equal protection." ECF No. 12 at 2-3. However, Plaintiff fails to allege any facts in his complaint demonstrating discrimination or the intent to discriminate on the basis of race, and further fails to allege facts showing racial discrimination concerning a specific activity. Plaintiff's bare assertions of violations of his due process and equal protection rights, along with the fact that he is of African ancestry, are insufficient pleadings and facts to support a plausible claim for relief under 42 U.S.C.

§ 1981. *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 542-43 (W.D. La. 2007), *aff'd*, 268 F. App'x 305 (5th Cir. 2008); *Whitehurst v. Showtime Networks, Inc.*, No. CIV.A 1:08-CV-47, 2009 WL 3052663, at *14 (E.D. Tex. 2009). Although Rule 8(a)(2) provides that a complaint need not contain all elements of a *prima facie* case to survive a Rule 12(b)(6) motion, the Court cannot construe the facts in the Second Amended Complaint to support legal liability of the Defendant for a claim under 42 U.S.C. § 1981. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Plaintiff likewise fails to state a claim under 42 U.S.C. §§ 1985(2) and 1986. Section 1985(2) concerns conspiracies preventing the right of participation in a federal judicial proceeding. 42 U.S.C. § 1985(2); *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). The Fifth Circuit has interpreted § 1985(2) to prohibit "conspiracies to deter witnesses from attending court or testifying, punishing witnesses who have so attended or testified, or injure jurors" while also "prohibit[ing] conspiracies to deny any citizen equal protection of the laws." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 n.6 (5th Cir. 2010). Title 42 U.S.C. § 1986 imposes liability on those who have knowledge of a conspiracy as described in § 1985 but neglect or refuse to prevent the conspiracy. 42 U.S.C. § 1986; *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981).

To recover under either § 1985(2) or § 1986, Plaintiff must plead that a conspiracy exists of two or more persons conspiring to interfere with Plaintiff's civil rights. ECF No. 22 at 4. The Second Amended Complaint, on its face and construed liberally, does not plausibly allege any facts that support the existence of a conspiracy to deter, by force or intimidation, Mr. Walker from exercising his civil rights as required by 42 U.S.C. § 1985(2). Furthermore, Plaintiff fails to allege facts that would show the existence of a conspiracy or knowledge of a conspiracy to deprive him of his civil rights. Though Plaintiff alleges "Defendant and those unknown named Defendants in

active concert" violated his rights, the Court cannot construe these alleged facts to support legal liability of Defendant for a claim under 42 U.S.C. § 1985(2). ECF No. 12 at 3. Nor do the facts alleged support Mr. Walker's claim for neglect or refusal to act in opposition to a conspiracy to deprive him of his civil rights under 42 U.S.C. § 1986. The undersigned recommends that the Plaintiff's claims under 42 U.S.C. §§ 1981, 1985(2), and 1986 be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted because Plaintiff has failed to allege sufficient facts to support a plausible claim or give sufficient notice to Defendant of his claims under the enumerated statutes.

   *iii.* *Claimed Violations of Fourth and Fourteenth Amendments*

Plaintiff's claims for recovery under the United States Constitution do not state a claim against the Defendant because the protections of the Fourth and Fourteenth Amendments apply exclusively to state actors, not private entities such as the Defendant. *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982). The Fourth Amendment does not apply to "a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980)). "The '[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.'" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)). "Moreover, '[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.'" *Cornish*, 402 F.3d at 550 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Plaintiff states in his Second Amended Complaint that "[t]he Defendant is a Texas Corporation under the laws of the State of Texas." ECF No. 12 at 3. As a private corporation, Trinity cannot be liable to Mr. Walker under the Fourth and Fourteenth Amendments. *Id*. The Court cannot construe the facts to provide the basis for a claim under the Fourth or Fourteenth Amendment. ECF No. 12. Therefore, the undersigned recommends that the Fourth and Fourteenth Amendment claims be dismissed for failure to state claims upon which relief may be granted.

    *iv.*    *Claimed Violations of Texas Deceptive Trade Practices Act*

Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Following dismissal of the Plaintiff's federal law claims, the Court does not have original jurisdiction over the Plaintiff's Texas DTPA claim since both the Plaintiff and Defendant are citizens of Texas. ECF No. 12. The interests of justice would not be served if the Court considered that claim under its supplemental jurisdiction. Therefore, the undersigned recommends that Judge O'Connor decline to exercise jurisdiction over Plaintiff's Texas DTPA claim and dismiss such claim without prejudice.

## III. RECOMMENDATION

Plaintiff asserts a variety of claims alleging violations of federal law without providing sufficient facts to support or clarify the allegations. Plaintiff's Response to the Motion to Dismiss argues "since the Defendant has not disputed the Background in the complaint they have in affect waived such." ECF No. 24 at 4. However, merely listing the federal statutes, constitutional provisions, and state law that Plaintiff believes were violated does not satisfy his burden of stating facts that support a plausible cause for relief necessary to survive a Rule 12(b)(6) motion. Accordingly, the undersigned RECOMMENDS that Judge O'Connor GRANT in part and DENY

in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (ECF No. 21). He should DISMISS with prejudice the claims for alleged violations of federal law under 30 U.S.C. §§ 1701, 1732, the Fourth and Fourteenth Amendments to the Constitution, and 42 U.S.C. §§ 1981, 1985(2), and 1986 (ECF No. 12) for failure to state a claim upon which relief may be granted. Furthermore, he should DISMISS the remaining claim for the alleged violation of the Texas DTPA (ECF No. 12) without prejudice on jurisdictional grounds. Finally, the undersigned RECOMMENDS that Judge O'Connor DISMISS Plaintiff's Motion for Jury Trial Setting (ECF No. 26) as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED on December 12, 2016.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE